986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin PARKER, Plaintiff-Appellant,
v.
Dolores RAMSEY, Henry Hutcherson, and William Francis,
Defendants-Appellees.
 No. 92-6343.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Alvin Parker appeals from dismissal of his 42 U.S.C. § 1983 complaint against employees of the Oklahoma Department of Corrections. The complaint asserted that he was denied due process in disciplinary proceedings because he was not provided an adequate written statement of the evidence relied upon and reasons for that discipline. The district court ultimately granted summary judgment in favor of defendant.
 
 
 3
 This complaint stems from an offense report for disruptive behavior issued against plaintiff after he failed to submit to substance abuse testing as required by Oklahoma Department of Corrections policy. Corrections Officer Terrel claimed he requested plaintiff to provide a "U.A." (urinalysis) but plaintiff refused, stating "I don't do those." Doc. 14, Att. H. Plaintiff claimed Terrel told him to "go pee", and acknowledged he replied "I don't do that." Id. Att. C. Terrel then filed an offense report. The investigation, investigation report and hearing followed. The hearing officer found plaintiff guilty of disruptive behavior. Punishment consisted of loss of 100 earned credits and 40 hours of extra duty. On appeals the warden and director of corrections affirmed that decision. This litigation followed. The district court promptly ordered a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978).
 
 
 4
 The only issue on appeal is whether the "written statement by the factfinders as to the evidence relied on and the reasons" for the disciplinary action afforded plaintiff the due process to which he was entitled in a prison disciplinary proceeding. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974) (quotations omitted). Specifically, plaintiff challenges the written report of the disciplinary hearing because it simply references the offense report and investigator's report as the evidence relied upon in finding plaintiff guilty.
 
 
 5
 Wolff established the due process guarantees of inmates charged with disciplinary infractions. Among those is the right to receive a written statement of the evidence supporting and reasons for the discipline imposed. The stated rationale for this requirement was to provide a record for subsequent review of the disciplinary decision, insure prison officials would act fairly, and provide the inmate with a record from which to pursue an administrative appeal or defend against future charges. Superintendent v. Hill, 472 U.S. 445, 456-57 (1985), examined the evidentiary requirements for meeting this due process standard. Hill decided that the findings made at a disciplinary hearing need only be supported by "some evidence" and may not be arbitrary. Id. at 457.
 
 
 6
 Plaintiff's allegations arise from a single verbal exchange with Terrel. Plaintiff asserts that he was not told that Terrel wanted the specimen for drug screening. Plaintiff essentially admits refusing a valid request to submit to urinalysis, by characterizing the incident as a misunderstanding of Terrel's request. Plaintiff all but admitted he intentionally refused to comply with institutional substance abuse testing rules. The only issues before the hearing officer were whether plaintiff's explanation for this refusal was credible and if not, establishing punishment and explaining the reasons therefor. The hearing officer's finding that plaintiff was guilty of disruptive behavior is supported by both the offense report and investigation report. The parties' respective positions are adequately stated in these documents. The hearing officer also explained in writing the basis for the punishment imposed, i.e., "Nature of the offense & to deter Mr. Parker from this type of behavior in the future." Doc. 14, Att. D. The written report of plaintiff's disciplinary hearing, therefore, satisfied the rationale in Wolff, is supported by the record and was not arbitrary.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3