9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin HOUSTON, Plaintiff-Appellant,
v.
Jim BRITTAIN; Rene Fox Murphy; R.A. Murray; Mr. Blake;
Betty Fulton; Mike Ryan; Darrell Braden,
Defendants-Appellees.
 No. 93-1280.
 United States Court of Appeals,
 Tenth Circuit.
Oct. 27, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Houston, an inmate in the Colorado prison system and a pro se litigant, appeals the dismissal of his 42 U.S.C.1983 suit against various prison officials. We exercise jurisdiction, reverse, and remand to the district court.
 
 
 3
 Mr. Houston's pro se complaint contains a litany of grievances concerning his life in prison. Included, solely for purposes of illustration, are allegations of being wrongfully convicted of prison offenses; wrongful confinement to maximum security; wrongful transfer to a minimum security institution; destruction of research; wrongful confiscation of personal property; deprivation of educational books and the opportunity to obtain a G.E.D.; and an unconstitutional denial or interference with his mail. This list is by no means complete.
 
 
 4
 The district court ordered a Martinez report and referred the matter to a magistrate judge. Service was never ordered or made upon defendants and consequently defendants did not appear.
 
 
 5
 The magistrate judge entered a written recommendation. The essence of the recommendation was the magistrate judge had reviewed the Martinez report, and the Martinez report established no violation of Mr. Houston's rights. The magistrate judge recommended the complaint be dismissed. Mr. Houston was given an opportunity to object, and he did so by denying many of the facts contained in the Martinez report.
 
 
 6
 The district court adopted the recommendation of the magistrate judge and dismissed the complaint. Mr. Houston appeals this final judgment.
 
 
 7
 The decision of the district court must be reversed as it decided factual matters utilizing the Martinez report.
 
 
 8
 We commence our analysis by revisiting Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). In Martinez and its progeny we held it good practice for the trial court to require the state to respond to 1983 prisoner complaints with a factual report. The purpose of this procedure is to give the trial court sufficient information for the orderly consideration of the issues. One of the premises underlying Martinez is that pro se pleaders are often unable to articulate what transpired and frequently confuse more than they clarify. The case before us is a typical example of a set of pro se pleadings where a Martinez report should be helpful to a trial court's orderly consideration of the issues.
 
 
 9
 After receiving a Martinez report, a trial court has two paths to follow. The first path is to dismiss the complaint sua sponte for failure to state a claim or frivolousness. If this path is selected, the trial court must apply the well known rules for testing the sufficiency of a complaint; i.e., all well pleaded facts must be accepted as true and plaintiff must be given the benefit of reasonable inferences. Such a dismissal must necessarily be based upon plaintiff's pleadings. The second path the trial court may follow is to allow service upon defendants and allow defendants to respond. Defendants may respond in a variety of manners, including motions attacking the sufficiency of the complaint or moving for summary judgment utilizing the Martinez report. It is axiomatic that the Rules of Civil Procedure regarding summary judgment apply once defendants move for summary judgment. Applicable rules require adequate notice and an opportunity to respond.
 
 
 10
 The error made by the trial court in the case before us was to embrace the facts set forth in the Martinez report as a dispositive tool. If Mr. Houston's pleadings were insufficient, the trial court should have applied the well known and time honored rules for testing sufficiency. If the trial court felt there was no pending issue of material fact, it erred by resolving factual disputes based upon the Martinez report, see Hall v. Belmon, 935 F.2d 1106, 1110-11 (10th Cir.1991), and by failing to follow applicable rules of procedure, see Fed.R.Civ.P. 56.
 
 
 11
 The trial court's effort to save the State of Colorado the time and expense of defending is commendable. If one looks solely at the Martinez report, Mr. Houston's civil suit may well be frivolous and may never reach trial. However, Mr. Houston has the right to expect the trial court to follow applicable rules relating to the sufficiency of his complaint or alternatively to the existence or nonexistence of material facts.[2]
 
 
 12
 The judgment of the trial court is REVERSED. The case is REMANDED to the district court with instructions to allow service and for such other and further proceedings as may be just and proper.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We do not address the propriety of a trial court initiating a motion for summary judgment in the absence of service of process upon defendants