28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward Lee CLEMMONS, Petitioner-Appellant,
v.
Michael A. NELSON, Warden; Kenneth R. Luman, Major and
Acting Deputy Warden of Operations; (NFN) Wilson, Unit Team
Manager and Classification Staff Chairman of Administrative
Segregation Review Board; (NFN) Frasier, Unit Team
Counselor (Corrections Counselor II); Candy Smith, LPN;
(NFN) Chandler, Corrections Supervisor I; (NFN) Almanza,
Corrections Counselor II; Denise Yonst, Corrections
Supervisor I; Harold Samuels, Deputy Warden; Brian
Johnson, Legal Counsel; (NFN) Cummings; A.B. Sutton,
Correctional Officer I; James Nelson, Corrections
Supervisor II; (NFN) Green, Corrections Counselor II;
William Cummings, Designee for Secretary of Corrections; J.
Wilson, Respondents-Appellees.
 No. 93-3261.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument. We grant petitioner permission to proceed in forma pauperis in order to reach the merits of his appeal.
 
 
 2
 Petitioner Edward Lee Clemmons, an inmate at the El Dorado, Kansas Correctional Facility (EDCF), brought four 42 U.S.C.1983 complaints alleging corrections officers and officials violated his constitutional rights. Petitioner alleged that (1) his placement in administrative segregation on December 9, 1992, was conducted in violation of the procedures prescribed by Kansas Administrative Regulations K.A.R. 44-14-301 to 312, and he was not allowed legal materials during initial segregation (case no. 93-3033-DES); (2) he was denied equal protection and due process in his disciplinary conviction for battery (throwing liquid on a prison nurse) (case no. 92-3055-DES); (3) prison officials conspired to violate his due process rights in his disciplinary conviction for battery and disruptive behavior (spitting on a correctional officer) (case no. 93-3059-DES); and (4) prison officials subjected him to cruel and unusual punishment when they placed him in administrative segregation (case no. 93-3067-DES).
 
 
 3
 The district court consolidated the four cases and ordered a Martinez report. Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). After considering the Martinez report, the district court dismissed the action.
 
 
 4
 We have reviewed the record and petitioner's brief on appeal. We are satisfied that the district court properly analyzed the facts and law, and we AFFIRM for substantially the reasons stated in the district court's order of July 28, 1993.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470