36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry R. JOINER, III, Plaintiff-Appellant,
v.
OKLAHOMA COUNTY DETENTION CENTER; Sergeant Jones; J.D.
Sharp, Defendants-Appellees.
 No. 94-6175.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Harry R. Joiner, III, appearing pro se, appeals from the district court's order of January 14, 1994, adopting the findings and recommendations of the United States Magistrate Judge and in granting summary judgment in dismissing Joiner's 42 U.S.C.1983 cause of action against the defendants/appellees.
 
 
 3
 We grant plaintiff's/appellant's motion for leave to proceed on appeal in forma pauperis simply in order to reach the merits.
 
 
 4
 On August 12, 1993, when Joiner was then held as a pre-trial detainee in the Oklahoma County Detention Center in Oklahoma city, Oklahoma, on charges of robbery with firearms, shooting with intent to kill, possession of a firearm after former conviction, and concealing stolen property, he engaged in a verbal altercation with Sergeant Jones, resulting in Joiner's lock-down in his cell and subsequent charges of disciplinary offenses, resulting in a hearing before a disciplinary board. The board found Joiner guilty of disciplinary offenses and sentenced him to solitary confinement for a period of fifteen days.
 
 
 5
 The bases of Joiner's 1983 complaint is that he was denied both substantive and procedural due process by the defendants in the course of the disciplinary proceeding, subjected to cruel and unusual punishment, suffered mental and physical pain, and was maliciously prosecuted. He sought monetary damages of $10,000 each from the Oklahoma Detention Center, Sergeant Jones, and Sheriff Sharp. Joiner was granted leave to proceed without prepayment of fees or costs. His motion for appointment of counsel was denied.
 
 
 6
 The matter was referred to United States Magistrate Judge Howland, who then ordered a special report in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). Thereafter, based on the special report, affidavits, documents, and pleadings, the Magistrate Judge entered his "Findings and Recommendation" on December 27, 1993, recommending that judgment be entered as a matter of law in favor of the defendants. The Report provided that any objections must be filed no later than January 11, 1994. No objections were filed by Joiner, but he did object to the Court's Judgment of January 14, 1994, which adopted the Magistrate Judge's Recommendation and dismissed Joiner's cause of action. However, Joiner did not raise any contention in those objections that he had not received a copy of the Magistrate Judge's Recommendation. The district court treated Joiner's objections as a motion to amend judgment or for new trial pursuant to Fed.R.Civ.P. 59(e). It was denied by the district court.
 
 
 7
 On appeal, Joiner contends that the district court erred in failing to appoint counsel to represent him and in adopting the inaccurate account of the August 12, 1993, incident as found by the magistrate judge. Further, Joiner contends that he was not given notice of or opportunity to respond to the magistrate judge's Report and Recommendation and that he was denied due process of law in denial of appointment of counsel, no access to a law library or to legal aid or counsel.
 
 
 8
 We affirm the district court's judgment dismissing Joiner's 1983 complaint and cause of action substantially for the reasons set forth in the "Findings and Recommendation of United States Magistrate Judge" entered December 27, 1993.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470