77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry WALKER, Plaintiff--Appellant,
v.
Larry A. FIELDS, Jack Cowley, Jerry Merrell, Ester Thompson,
Defendants--Appellees.
 No. 95-6272.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting summary judgment in favor of appellees who are state officials in the prison system of the state of Oklahoma. Pro se appellant Walker alleges on appeal that the district court erred in granting summary judgment because there were disputed issues of material fact and because the district court refused to allow further discovery by appellant. We AFFIRM.
 
 
 3
 This appeal arises out of an incident that occurred in the Joseph Harp Correctional Center (JHCC) in the state of Oklahoma. Appellant was attacked by another inmate and suffered wounds related to a stabbing incident. In his case brought pursuant to 42 U.S.C.1983, pro se appellant alleged that his constitutional right to be free from cruel and unusual punishment was violated when the appellee prison officials failed to take appropriate action to protect him from the attacking inmate. The facts are undisputed that inmate Jones who perpetrated the attack displayed agitated and disruptive behavior patterns from the period July 17 to July 19, 1992. It is further undisputed that Jones had a history of aggressive behavior but that psychologists had examined him and determined that he was not a psychiatric patient and should be returned to the general prison population.
 
 
 4
 The district court ordered a special report filed pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The matter was referred to a magistrate judge who filed a thoroughly analyzed report and recommendation recommending that summary judgment be granted in favor of the state appellees. The district court adopted the report and recommendation of the magistrate judge and granted summary judgment in favor of the appellees.
 
 
 5
 In order to show that prison officials violated an incarcerated person's right to be free from cruel and unusual punishment, a plaintiff must show that those officials failed to act despite knowledge of a substantial risk of serious harm to the inmate. Farmer v. Brennan, 114 S.Ct. 1970 (1994). Thus, the issue before the magistrate and the district court in this case was whether there was a genuine issue of material fact as to whether the named defendants in this action had the requisite knowledge of a risk to appellant and violated their duty to protect appellant from the assault involved. The magistrate judge thoroughly examined the facts of this incident and determined that the allegations against the defendants in this case did not show the requisite knowledge of serious harm to appellant to create a disputed issue of material fact with respect to appellant's Eighth Amendment allegations.
 
 
 6
 The only defendant with any significant knowledge of the harm was defendant Thompson, the case manager. Although she was clearly aware of Jones' assaultive behavior toward other inmates, the magistrate judge and district court found that she analyzed the risk involved and responded reasonably under the circumstances. There is no dispute of fact with respect to defendant Thompson's knowledge nor about her response to the situation.
 
 
 7
 We agree with the magistrate judge and district court, therefore, that there are no disputed issues of material fact with respect to the actions of the defendants in this appeal that require reversal of the grant of summary judgment by the district court. We have reviewed appellant Walker's brief, the pleadings, the magistrate judge's report and recommendation, and the district court's order, and have carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and affirm the grant of summary judgment in favor of the defendants for substantially the reasons given by the magistrate judge and adopted by the district court. AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3