**Filed 4/23/96**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————

BRIAN D. DUBUC,                                    )
                                                   )
    Plaintiff-Appellant,                           )
                                                   )
v.                                                 )                    No. 95-7150
                                                   )          (D.C. No. CV-94-501-S)
BOBBY BOONE, Warden of M.A.C.C.; HELEN J. )                  (E.D. Okla.)
WOODALL, Prison Mail Room Clerk,                   )
                                                   )
    Defendants-Appellees.                          )

———————————

**ORDER AND JUDGMENT***
———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Brian Dale DuBuc, an Oklahoma state prisoner proceeding pro se and in forma pauperis, appeals from an order dismissing his civil rights action under 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d). We grant permission to proceed in forma pauperis and affirm.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. DuBuc alleges Bobby Boone, the Warden of the Mack Alford Correctional Center, and Helen Woodall, the prison mail room attendant, violated his First and Fourteenth Amendment right to meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). According to the complaint, Ms. Woodall refused to mail two legal documents because Mr. DuBuc failed to print his prison identification number on the envelopes, and the resulting delay caused him to miss a deadline in a related civil rights case, N.D. Okla. No. CIV-94-207-E. The defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative for summary judgment, and also filed a special report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Mr. DuBuc opposed defendants' motions. He also submitted evidence in response to the motion for summary judgment. Rather than decide either of the defendants' motions, the district court considered on its own motion whether the complaint should be dismissed as frivolous under 28 U.S.C. § 1915(d), concluded it was frivolous, and dismissed it without leave to amend.

Mr. DuBuc now contends the district court erred in concluding he failed adequately to plead his cause of action, and that his claim, as plead, was not frivolous. We need not consider these issues, because we conclude defendants were entitled to judgment on another ground than that relied upon by the district court: they were entitled to summary judgment. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") To survive summary judgment on his claim prison officials violated his right to meaningful access to the courts under the First and Fourteenth Amendments, Mr. DuBuc was required to raise a genuine issue of material fact regarding whether he was actually denied access to

the courts, *i.e.*, because he suffered a dismissal, incurred sanctions, etc. *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978). In his opposition to defendants' motion for summary judgment, Mr. DuBuc stated he missed the deadline for filing objections to the magistrate's report and recommendation in a related civil rights case because of the mailing delay. However, the district court took judicial notice of the docket sheet in the other proceeding, and discovered Mr. DuBuc's objections were filed on August 29, 1994, and that the magistrate extended the time for filing objections by minute order on September 1, 1994. *See* Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (district court may take judicial notice of related proceedings *sua sponte*). Mr. Dubuc stated in his opposition to the motion for summary judgment that he was unaware of any such extension, but he did not offer any evidence to dispute the fact that it had occurred. On appeal, he contends the district court should not have taken judicial notice, but does not contend the information the district court obtained by doing so is incorrect. Because Mr. DuBuc has failed to controvert the information the district court obtained through judicial notice by producing contradictory evidence, or indeed by offering any other ground for questioning its accuracy, we accept that information as true, and conclude, as did the district court, that Mr. DuBuc was not denied access to the courts.

The judgment of the district court is therefore **AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge

3