UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
TENTH CIRCUIT

GILBERT ANTHONY LOVATO,

    Plaintiff-Appellant,

v.

LOU GIRODO, Sheriff, Las Animas
County Sheriff's Department;
RICHARD TRUJILLO, WILLIAM
MUSCLEWHITE, STANLEY BIBER,
PHIL VALDEZ, RON MARTINEZ,
RICHARD ZAMORA, DANIEL
GALLEGOS, WALT LAVATO, TOM
LUCAS, MANNY GUTIERREZ, ROB
PEARSON,

    Defendants-Appellees.

No. 96-1122
(D.C. No. 95-S-2393)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Gilbert Anthony Lovato filed this pro se action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while he was incarcerated at the Las Animas County Jail in Trinidad, Colorado. Mr Lovato, who was both a pretrial detainee and a convicted felon while incarcerated there, alleges that defendants violated his Eighth and Fourteenth Amendment rights, primarily because they did not properly treat his diabetic condition. The district court ordered preparation of a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and gave Mr. Lovato an opportunity to respond to it. Mr. Lovato did not do so and the district court relied on the uncontradicted material in the report to dismiss Mr. Lovato's complaint as frivolous under 42 U.S.C. § 1915(d). Mr. Lovato appeals, contending he did not receive a copy of the Martinez report and was therefore unable to counter it.[1]

Defendants contend the certificate of mailing contained in the record establishes that Mr. Lovato received the report. Defendants further point out Mr.

---

[1] The district court granted Mr. Lovato's motion to proceed in forma pauperis on appeal.

Lovato was on notice that the report was to be filed and that he would have to respond to it, that he should have been looking for it, and that he should have asked the district court to reconsider its order because he did not receive it. We agree. Mr. Lovato was on notice at least by the time he received the lower court's ruling that the Martinez report had been filed. His failure to bring the district court's attention to his alleged failure to receive it and to request reconsideration on that ground precludes our consideration of that assertion here.

The district court correctly construed Mr. Lovato's pro se complaint liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and recognized that a court cannot resolve material disputes of fact by accepting a Martinez report's fact findings when they conflict with the pleadings, see id. at 1109. The court stated that the report did not conflict with Mr. Lovato's allegations, but rather contained additional facts which clarified them. Finding no conflict, the court relied on the report to dismiss Mr. Lovato's complaint as frivolous. We have carefully reviewed the record and the authorities the court relied upon in concluding that the action should be dismissed as frivolous, and we affirm for the reasons given by the district court. Mr. Lovato's allegations assert only that defendants were acting out of laziness and neglect, and the report does not indicate otherwise. Such conduct falls far short of the deliberate indifference to serious medical needs required to make out a constitutional violation in these

circumstances.  See <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  We **AFFIRM** the judgment of the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge