David L. MARTINEZ, Petitioner-Appellant,

Gregory L. Sharpe, Braulio Rodriguez, Ronald Lancaster, Eldridge Green, Richard Małdarude, Clarence Whiteley, James Cochran, Sandy Scott, Reynaldo Madrid, William J. Rowland, Joseph Bell, James Ranson, James Chiaramonte, David Crawford, Mike Colby, Roy Preas, Charles Crismore, Ronald Lee McDonald, Jessie X. Clark, Defendants,

v.

Ralph L. AARON, Warden, Capt. Joe F. Martinez, Lt. Benito Gonzales, Adelaido Martinez (Superintendent of Security), Clyde Malley, warden, Mike Hanrahan, Secretary of Corrections, Dr. Mark Orner, Individually and in their official capacities as Warden of the Penitentiary of New Mexico and other employees of the New Mexico Department of Corrections, Respondents-Appellees.

No. 77–1395.

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 9, 1977.

Decided Jan. 23, 1978.

David L. Martinez pro se.

Toney Anaya, State Atty. Gen., Ralph W. Muxlow III, Asst. Atty. Gen., Santa Fe, N.M., on behalf of appellees.

Before SETH, Chief Judge, and HOLLO-WAY, McWILLIAMS, BARRETT, DOYLE and McKAY, Circuit Judges, sitting en banc.

PER CURIAM:

This was commenced as an action under 42 U.S.C. § 1983, brought by twelve inmates of the New Mexico State Penitentiary. The complaint asserts the theft and confiscation of described personal property of the plaintiffs by the defendant correctional officers during the course of a routine shakedown. The shakedown or search was of a dormitory in the prison occupied by a considerable number of prisoners including the plaintiffs. The shakedown and stealing are also advanced as harassment of the prisoners. The section 1983 cause of action seems to be based on the theft—confiscation of personal property. An injunction and damages are sought.

The trial court dismissed the complaint under section 1915(a) and (d) as frivolous in the preliminary proceedings. The basic requirement in these circumstances was set forth in *Ragan v. Cox,* 305 F.2d 58 (10th Cir.); *see also Harbolt v. Alldredge,* 464 F.2d 1243 (10th Cir.), and *Bennett v. Passic,* 545 F.2d 1260 (10th Cir.).

It is obvious that the routine shakedown was a disciplinary and security device to enforce the prison rules prohibiting the possession of contraband. The definitions of contraband are clear, and on appeal the petitioners appear to make no serious challenge as to definitions or even as to the determination by the officers as to what was contraband and what was not. The remaining items such as cigarettes, coffee, toothpaste, and underwear are asserted as having been stolen by the defendant officers. Weapons were found by the shakedown.

The determination as to what was contraband was made by the prison officers during the shakedown generally depending on whether the items were purchased from the prison store or not. As to the underwear reported stolen, the determination whether it was contraband apparently depended on its color. The toothpaste and hand towels were also sorted by the officers.

An explanation of the shakedown sorting was made by the prison officials during the course of an interrogation at the prison *as ordered by the trial court.* The prisoners were likewise interrogated at the prison under the same order as hereinafter described.

The plaintiffs can make no rational arguments on the law or the facts to support their claim. The tests for dismissal under the circumstances were the same as applied to persons not proceeding under affidavits of poverty. The action is in conformity with the standards and admonitions in the criminal cases such as *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, and *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21.

As indicated above, the trial court ordered before answer that the prison officials conduct an investigation of the incident to include an interrogation of those concerned. The transcripts of the interrogations (not required to be under oath), and an explanation by the officials were to be attached to the answer of defendants. This was done, and an administrative record was thereby constructed to enable the trial court to decide the jurisdictional issues and make a determination under section 1915(a).

It is apparent that such a record was necessary to enable the trial court to decide the preliminary issues including those of jurisdiction, to be used with the affidavits and exhibits. This was especially so as to the allegations by plaintiffs as to color of state law. The plaintiffs had the burden of developing these matters to support at least the theft allegations in their complaint. It is necessary that some sort of record be produced to enable the court to go forward. The trial court's order in part is as follows:

"This matter coming before the Court upon a Complaint pursuant to 42 U.S.C. § 1983, claiming violation of civil rights by inmates at the New Mexico State Penitentiary, and it appearing that proper and judicial processing of the claims cannot be achieved without additional information from appropriate state officials of the Department of Corrections, State of New Mexico.

"IT IS ORDERED:

"(1) The answer to the Complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of the entry of this Order.

"(2) No answer or motions addressed to the complaint shall be filed until the measures set forth herein shall have been taken and completed.

"(3) Officials responsible for the operation of the New Mexico State Penitentiary are directed to undertake a review of the subject matter of the complaint:

"a. to ascertain the facts and circumstances;

"b. to consider whether any action can and should be taken by the institu-tion to resolve the subject matter of the complaint; and

"c. to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be taken up and considered together.

"(4) In the conduct of the review, a written report shall be compiled and filed with the Court. Authorization is granted to interview all witnesses including the plaintiffs and appropriate officers of the New Mexico State Penitentiary. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report.

"(5) All reports made in the course of the review shall be attached to and filed with defendants' answers to the complaint."

We consider this order and practice to be not only proper but necessary for the orderly consideration of the issues in this case and in other cases of this nature. The order could very well require witnesses to be sworn. It comes at a stage in the proceedings when it may be more useful to all parties than would be the use of interrogatories. *See Reed v. United States,* 438 F.2d 1154 (10th Cir.). In our view, the presence or absence of affidavits with the complaint make no difference as to the manner in which the initial section 1915 determination is made.

We must observe that a record for comparable purposes is required in actions brought by federal prisoners. We thus expressly approve the procedure here followed by the trial court.

We must also hold that if the method described above could not have been followed, and as an alternative thereto, that a "record" could have been made by the imposition of a requirement that it be developed by the state authorities by use of administrative or grievance procedures provided for the state prison. This is, of course, not an exhaustion requirement and is especially important for the reasons alluded to above; thus again to develop the facts as to the color of state law and to

enable the trial court to make the preliminary decisions without having to sort the toothpaste and underwear in the first instance.

Either of the above requirements is comparable to the administrative law doctrine of primary jurisdiction, and we see no reason why it should not be borrowed to apply to this entirely dissimilar situation but to accomplish the same result. Thus the state prison administration, at a level where the facts can be adequately developed, first examines and considers the incident, circumstances, and conditions which gave rise to the asserted cause of action and develops a record before the court must proceed beyond the preliminary stages.

AFFIRMED.