947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry OLIVER, Plaintiff-Appellant,
v.
G. WILKINSON, Regional Director; J. O'Brien, Warden; W.
Scott, IDC Chairman; Unknown Cim Officer,
Defendants-Appellees.
 No. 91-3082.
 United States Court of Appeals, Tenth Circuit.
 Oct. 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Oliver appeals the dismissal of his pro se civil rights suit and denial of permission to appeal in forma pauperis.
 
 
 3
 Mr. Oliver commenced this action on August 24, 1987. He asserted that when he was confined in the federal penitentiary at Leavenworth, Kansas, from August 1984 to April 1985, various employees of the penitentiary put him in danger and failed to protect his safety by placing him within the general penitentiary population.
 
 
 4
 The trial court dismissed the complaint on three grounds: (1) failure to state a claim; (2) Defendants are entitled to qualified immunity; and (3) the action was time barred.
 
 
 5
 Mr. Oliver appeals pro se asserting (1) the trial court should have been more lenient in reading his claim; (2) the qualified immunity ruling was based upon a faulty analysis; (3) the trial court erred in finding his complaint was time barred; and (4) the trial court erred concerning Mr. Oliver's many motions.
 
 
 6
 We have examined the record on appeal. Mr. Oliver's filings consist of two files about four inches thick listing many grievances concerning his prison life while at Leavenworth. The common thread running through most of Mr. Oliver's complaints is that prison officials negligently classified him thereby placing him in danger.
 
 
 7
 We find Mr. Oliver's claim is time barred and therefore do not reach the other issues he has raised on appeal. Mr. Oliver acknowledges the court applied the correct two-year statute of limitations but asserts the court was not justified in raising it when he had suggested the matter should not be tried. If the parties do not raise the question of lack of jurisdiction it is the duty of the federal court to determine the matter sua sponte. Tuck v. United States Auto. Ass'n, 859 F.2d 842, 844 (10th Cir.1988). Mr. Oliver's argument is without merit. The court may, at any time, raise the issue of subject matter jurisdiction and apply the statute of limitations. See K.S.A. 60-513(4) (Supp.1990). The simple fact is that a Martinez report was filed as required by Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). Mr. Oliver responded thereto, and there exists no dispute as to the time period involved. Mr. Oliver's claim expired in April 1987.
 
 
 8
 This being the case, Mr. Oliver can make no rational or reasoned argument on either the facts or the law supporting his appeal on the key issue, that being his claims are time barred. Consequently, we must dismiss his appeal. The mandate shall issue forthwith.
 
 
 9
 The appeal is DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3