9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen BISHOP, Plaintiff-Appellant,
v.
Lewis WEBER, Associate Warden, PNM; Barry Hertzog, Security
Major, PNM, Defendant-Appellees.
 No. 93-2098.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1993.
 
 Before SEYMOUR, ANDERSON, AND EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Stephen Bishop brings this pro se civil rights action under 42 U.S.C.1983 alleging that he suffered cruel and unusual punishment in violation of the Eighth Amendment. Mr. Bishop also alleges that defendants violated the consent decree in Duran v. Carruthers, 678 F.Supp. 839 (D.N.M.1988), aff'd 885 F.2d 1485 (10th Cir.1989), cert. denied, 493 U.S. 1056 (1990). The district court dismissed both counts and granted summary judgment in favor of defendants.[2] We affirm.[3]
 
 
 3
 Mr. Bishop alleges that while he was in a maximum security cell, the inmate in the cell next to his set fires and caused flooding. The flooding caused Mr. Bishop to slip and fall, thereby sustaining injuries. He states that defendants were aware of the fires and flooding but did not act to stop the inmate from continuing this disruptive activity. He also alleges that the inmate was not moved to another cell in accordance with the Duran consent decree.
 
 
 4
 Defendants claim that they did respond by taking away the disruptive inmate's property and filing the appropriate reports as a prerequisite to placing the inmate in disciplinary segregation. Defendants also claim that they could not have moved the inmate earlier than they did because the Duran consent degree requires that four days elapse before a hearing can be held. The events at issue took place in a five day period. Furthermore, the only other option, to move the inmate to maximum security, was foreclosed because he was already in maximum security.
 
 
 5
 We review a grant of summary judgment in the light most favorable to the non-moving party and if there are no genuine issues of material fact, the movant will prevail. Thomas v. United States Department of Energy, 719 F.2d 342, 344 (10th Cir.1983). Once the moving party meets its burden of establishing that no genuine issues of material fact exist, the non-movant must then show the existence of a genuine issue of material fact. Id.
 
 
 6
 The district court held that defendants were not deliberately indifferent to the actions of Mr. Bishop's adjoining cellmate. The evidence shows that the disruptive inmate "was told to stop burning his cell, that the defendants removed [his] personal property from his cell to prevent more fires and served [him] with five misconduct reports which ultimately led to his disciplinary segregation." Rec., vol. I, doc. 45, at 3. Moreover, Mr. Bishop's own affidavit recites that his slip and fall injury occurred in conjunction with the first flooding, and that he was taken immediately to the hospital. We agree with the district court that, as a matter of law, defendants were not deliberately indifferent in violation of the Eighth Amendment. Defendants also presented ample evidence that they complied with the Duran consent decree. No genuine issues of material fact thus exist, and summary judgment was properly granted.[4]
 
 
 7
 We therefore AFFIRM the district court's dismissal of both counts and the grant of summary judgment.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In an earlier order, the district court dismissed the counts against defendants in their official capacities, dismissed a third count and a third defendant, and ordered defendants to submit a report pursuant to Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir.1978). Rec., vol. I, doc. 34
 
 
 [3]
 We grant Mr. Bishop's motion to supplement the record. In addition to showing that he was injured, however, in order to meet the Eighth Amendment standard Mr. Bishop must also show that the injuries were the result of deliberate indifference on the part of defendants. See Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir.1990)
 
 
 [4]
 Mr. Bishop is also appealing the dismissal of the third defendant. Because we are affirming the dismissal of the claim itself, this issue is moot