Barry Lee SMITH, Plaintiff,

v.

Michael B. McDONALD, et al., Defendants.

No. 94–3068–DES.

United States District Court, D. Kansas.

Nov. 30, 1994.

Barry L. Smith, pro se.

James D. Conkright, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for defendants Michael McDonald, Jail Adm'r, (NFN) Marton, Sergeant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C.

§ 1983 by an inmate at the Wyandotte County Detention Center, Kansas City, Kansas. By its Order of June 22, 1994, the court directed the issuance of summons and the preparation of a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978).

The defendants have submitted the report and an Answer, and plaintiff has submitted a motion for summary judgment. The court, having reviewed the record and considered the arguments of the parties, now makes the following findings and order.

The facts of this matter appear to be uncontroverted. Plaintiff was incarcerated in the Wyandotte County Detention Center between December 1993 and July 7, 1994, when he was released to Missouri authorities. During 1993, the Wyandotte County Detention Center had a policy which prohibited visitation by minors, and plaintiff was denied visitation with his six-year-old child pursuant to that policy. The policy was changed in 1994 during a revision of the jail's policy and procedure manual, and plaintiff was permitted visits with his child beginning in May 1994, although the revised policy permitting minors to visit jail inmates was not formally adopted until July 1994.

Prisoners do not possess a substantive liberty interest arising under the Constitution in unfettered visitation. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 461, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989). Accordingly, courts are particularly deferential to prison authorities in matters involving visitation. *Doe v. Sparks*, 733 F.Supp. 227, 230 (W.D.Pa.1990).

In this case, it appears the prison policy was under review almost from the time of plaintiff's incarceration, and he was permitted visitation under the revised policy. While under existing case law the court would carefully scrutinize a policy which created a blanket prohibition on visitation by minors,[1] it finds the circumstances of the present case do not warrant such a review, as the policy revision provided plaintiff with the visitation he sought. The court is persuaded

the record shows a good faith effort to effectively manage the jail and concludes plaintiff is entitled to no relief.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief is denied.

---

1. *See, e.g., McMurry v. Phelps*, 533 F.Supp. 742, 764–65 (W.D.La.1982) (visitation ban on children under 14 abolished), *overruled on other grounds by Thorne v. Jones*, 765 F.2d 1270 (5th Cir.1985);

*Valentine v. Englehardt*, 474 F.Supp. 294, 302 (D.N.J.1979) (county jail ban on visitation by children unconstitutional).