56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickke L. GREEN, also known as Rickke Leon Green, Plaintiff-Appellant,
v.
Dan REYNOLDS, Warden, OSP; E.K. McDaniels, Deputy Warden,
OSP; Ken Klingler, Deputy Warden, OSP; Lee Mann, Warden's
Assistant, OSP; Danny Nace, Chief of Security, OSP; Ken
Yott, Institutional Investigator, OSP; Frank Morgan, Unit
Captain, OSP; Dennis Branch, Unit Lieutenant, OSP; James
L. Saffle, Regional Director, DOC; Lloyd Bassinger, Deputy
Regional Director DOC; Larry Fields, Director, DOC; Gary
Parsons, Associate Director, DOC; Mike Parsons, Deputy
Director, DOC; Elvin Baum, Inspector General, DOC; 7 BOC
Members, Members of the Oklahoma Board of Corrections, DOC;
David Walters, Governor, State of Oklahoma, and Chief
Executive Officer of the State of Oklahoma and Chief
Supervising Authority of the Oklahoma Department of
Corrections, Defendants-Appellees.
 No. 94-7033.
D.C. No. CV-93-594.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the denial of his application for a preliminary injunction in this prison civil rights/state tort action. In his pleadings, plaintiff alleges a continuing violation of his First and Fourteenth Amendment rights, as well as tortious infliction of emotional distress and interference with personal relations, arising out of defendants' screening and threatened censorship of his mail. Plaintiff applied for preliminary injunctive relief in conjunction with the commencement of the action, and defendants responded with a motion to stay the proceedings pending preparation of a "Martinez" report. See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The district court denied the injunction, granted the stay, and ordered the report. Plaintiff timely appealed pursuant to 28 U.S.C. 1292(a)(1).
 
 
 4
 While this appeal was briefed and put at issue, the Martinez report was filed and the district court granted summary judgment in favor of defendants, precluding all injunctive, declaratory, compensatory, and punitive relief sought by plaintiff, who timely appealed this second, and final, adverse judgment. Consequently, the present interlocutory appeal has been superseded and must, therefore, be dismissed as moot. See, e.g., United States ex. rel. Bergen v. Lawrence, 848 F.2d 1502, 1512 (10th Cir.), cert. denied, 488 U.S. 980 (1988); Atomic Oil Co. of Okla., Inc. v. Bardahl Oil Co., 419 F.2d 1097, 1102 & n. 9 (10th Cir.1969), cert. denied, 397 U.S. 1063 (1970); accord Stiltner v. Beretta, No. 94-1323, 1995 U.S.App. LEXIS 945, at * 10-* 11 (4th Cir. Jan. 18, 1995).
 
 
 5
 This appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation