**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

**Filed 3/15/96**

———————————————

WILLIAM D. MARTIN,                                )
                                                                     )
          Plaintiff-Appellant,                           )
                                                                     )
v.                                                                   )          No. 95-5217
                                                                     )      (D.C. No. 94-C-1045-BU)
STANLEY GLANZ,                                      )          (N.D. Oklahoma)
                                                                     )
          Defendant-Appellee.                         )

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff William D. Martin, an Oklahoma state prisoner proceeding pro se and *in forma pauperis*, appeals the district court's order granting summary judgment in favor of defendant Stanley Glanz, the Sheriff of Tulsa County, Oklahoma, on his claim Sheriff Glanz violated the Fourteenth

———————————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

Amendment by failing to provide adequate medical treatment while he was incarcerated in the Tulsa County Jail. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I**

According to his complaint, Mr. Martin was arrested in Tulsa County, Oklahoma, for possession of a firearm and transported to the Tulsa County Jail. Tulsa County Sheriff's Deputies placed Mr. Martin in an "all-black cell block." While Mr. Martin was in the "all-black cell block," approximately ten black men attacked and beat him because he is white. After the beating, the deputies took Mr. Martin to the hospital. The doctors at the hospital x-rayed Mr. Martin's head, which had been injured during the beating, and stitched a wound in his right hand. The deputies then took Mr. Martin back to the Tulsa County Jail and placed him in the Restrictive Housing Unit. Mr. Martin told Sheriff Glanz his left little finger had been broken during the beating, but that the personnel at the hospital had not discovered this injury during his examination. Mr. Martin requested further medical attention, but Sheriff Glanz refused. Mr. Martin remained in the RHU for between thirty and forty days, and then spent another thirty days in the medical cell block at the Tulsa County Jail, before being transferred to Oklahoma State Prison. Mr. Martin did not allege any constitutional violations arising out of the beating itself or the initial trip to the hospital. Rather, his only claim is that Sheriff Glanz subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by failing to provide additional medical care after he told Sheriff Glanz he believed his left little finger was broken.

Sheriff Glanz moved to dismiss the complaint for failure to state a claim or, in the alternative,

2

for summary judgment and filed a special report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The district court dismissed Mr. Martin's Eighth Amendment claim because he was a pretrial detainee, not a convicted prisoner, at the time his claims allegedly arose. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Martin v. Board of County Comm'rs of Pueblo County*, 909 F.2d 402, 406 (10th Cir. 1990) (per curiam). The district court denied Sheriff Glanz's motion to dismiss Mr. Martin's claims under the Fourteenth Amendment and granted Mr. Martin an additional fifteen days "to respond further to [Sheriff Glanz's] motion for summary judgment if he so wishes." The district court extended this deadline several times and warned Mr. Martin it would rule on Sheriff Glanz's summary judgment motion solely on the basis of the *Martinez* report unless he filed a supplemental response on time. Although Mr. Martin acknowledged he received the district court's order, he never filed a supplemental response. On August 30, 1995, the district court deemed the motion for summary judgment "ripe for ruling" and entered summary judgment in favor of Sheriff Glanz on the basis of the *Martinez* report.

Mr. Martin now challenges the order granting summary judgment on his Fourteenth Amendment claim. He first contends the district court erred by applying the "deliberate indifference" standard. We disagree. The deliberate indifference standard governs claims both by pretrial detainees (under the Fourteenth Amendment) and by convicted prisoners (under the Eighth Amendment) that they have received inadequate medical attention. *Martin*, 909 F.2d at 406. Next, Mr. Martin contends the district court erred in "summarily dismissing" his Fourteenth Amendment claim. We construe this as a contention there was a genuine issue of material fact whether Sheriff

Glanz demonstrated deliberate indifference to Mr. Martin's medical condition by failing to provide additional medical care after Mr. Martin informed him he thought his left little finger was broken. The contention lacks merit. First, Mr. Martin failed to oppose the motion for summary judgment by presenting affidavits or other evidence sufficient to raise a genuine issue of fact for trial. This alone would have warranted summary judgment, although the district court chose to excuse Mr. Martin's oversight and decide the motion on the merits. Second, at the time Mr. Martin complained about his left little finger, Sheriff Glanz knew Mr. Martin had already been examined at a hospital and the hospital did not indicate he had suffered a fracture. We therefore conclude that, at the very most, Sheriff Glanz was merely negligent, which is insufficient to support a claim of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). The judgment of the district court is therefore **AFFIRMED**.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge

4