# UNITED STATES COURT OF APPEALS

Filed 10/29/96

## TENTH CIRCUIT

DINO A. BELLAZERIUS,

    Plaintiff-Appellant,

v.

JOE BOOKER, Warden,
DR. DANIEL BURNETT,
DR. BARNES,

    Defendants-Appellees.

No. 96-1148
(D.C. No. 96-S-265)
(Dist. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Pro se plaintiff, Dino Bellazerius, an inmate at the federal correctional institution at Florence, Colorado, claims the prison warden and medical staff were deliberately indifferent to his serious hernia condition, in violation of his Eighth Amendment rights. The district court dismissed the suit as legally frivolous under 28 U.S.C. § 1915(d). We affirm.

Mr. Bellazerius filed a *Bivens* action against Warden Joe Booker, Health Services Administrator Daniel P. Burnett, and treating prison physician Dr. Barnes to compel surgery to repair his hernia and sought damages for pain and suffering endured during his wait for surgery. Mr. Bellazerius subsequently received surgery, and now seeks only damages in the amount of $5000 from each defendant for his pain and suffering. He alleges that he requested treatment and surgical evaluation for his hernia condition four times over a period of twenty-three months before an appointment was scheduled with a surgeon, and that once he saw the surgeon, he was told "this surgery should have been done." Mr. Bellazerius further complains that, upon receipt of the surgeon's recommendation to operate, the prison medical staff waited an additional two months, until the filing of Mr. Bellazerius' lawsuit, to arrange for his surgery and to perform necessary pre-operative blood tests. During

the two-year wait for surgery, Mr. Bellazerius alleges he suffered pain and fear that his hernia would develop into a life threatening condition.

The district court ordered a *Martinez* report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). The *Martinez* report explains that Mr. Bellazerius' hernia was noted by the prison medical staff during his intake examination in March 1993, and that he was consequently assigned to a lower bunk. Mr. Bellazerius was seen by the Florence medical staff several times over the next three years: four times for hernia evaluation, four times for other medical complaints. On several occasions, he requested and received prescription refills. At his hernia examinations, Mr. Bellazerius' condition was evaluated, his allowable work lifting limit was reduced twice, and he was prescribed a rest period each hour. In October 1995, he requested and appears to have received medical idle status while he awaited consultation with a contract surgeon. That consultation occurred on November 28, at which time the surgeon recommended surgery. Administrative permission to receive surgery was obtained on December 8, and the surgery was performed on January 31, 1996.

Mr. Bellazerius responded to the *Martinez* report without noting any significant differences between his account and that of the prison officials. His primary complaint is that he did not get surgery for his medical condition as quickly as he believes he should have. The district court concluded that these facts do not support a claim for deliberate indifference.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183 (1976)). Deliberate indifference does not arise from a difference in opinion about an inmate-patient's treatment plan, rather it arises from a refusal to treat a serious medical condition, or action taken to aggravate a condition. <u>Id.</u> at 104, n.10.

In this case, Mr. Bellazerius was seen and evaluated at regular intervals by prison medical staff. His lifting limit was reduced twice and rest was prescribed during each hour. The prison officials neither ignored nor aggravated Mr. Bellazerius' condition. Mr. Bellazerius is now doing well and has suffered no harm from any delay in receiving surgery. At most, Mr. Bellazerius has a difference of opinion with the medical staff as to when his surgery should have been performed, and "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment." <u>Id.</u> at 106.

The district court expressed sympathy, as does this court, for Mr. Bellazerius' serious medical condition and any pain he might have suffered while waiting for surgery. But a difference of opinion between Mr. Bellazerius and the prison medical

staff about his medical condition, and a wait of two months for a surgery once it was considered necessary, do not constitute deliberate indifference. We therefore affirm

the district court's dismissal of Mr. Bellazerius' claim as frivolous under 28 U.S.C. § 1915(d).

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge