**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2001**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

WILLIE T. HAYES,

      Plaintiff-Appellant,

v.

MAJOR MARRIOTT; MAJOR
SOARES; RICHARD MARR,
Assistant Superintendent and the
members of the Special Operations
Response Team of January 24, 1991;
WILLIAM E. PRICE, Superintendent;
MICHAEL LURANT; GLADYS
SHOCKLEY, Seargent; TED
ADAMIC, Officer; PERRY ROEKER;
GERALD GASKO,

      Defendants-Appellees.

No. 00-1090
(D.C. No. 91-Z-1344)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this proceeding we are once again called upon to review the dismissal of this pro se state prisoner's civil rights complaint. Willie T. Hayes originally brought this action in 1991, alleging that his Fourth Amendment rights were violated when he was subjected to a strip search in the presence of female corrections officers and several nonessential prison personnel. Following the preparation of a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (en banc) (per curiam), the district court adopted the recommendation of a magistrate judge and dismissed the claim. This court reversed and remanded for further proceedings. *See Hayes v. Marriott*, 70 F.3d 1144 (10th Cir. 1995).

Upon remand, a magistrate judge issued a recommendation finding that the strip search violated Mr. Hayes right to bodily privacy under the Fourth Amendment, but that the defendants named in the complaint did not participate in the search and that the illegal search was in fact carried out by unnamed and unknown members of a Special Operations Response Team. The district court adopted the report in part, dismissing the action but ordering defendants to identify the Team members and granting Mr. Hayes leave to file a new action against those defendants. Mr. Hayes appealed once again. We affirmed in part and remanded for further proceedings, holding that rather than requiring Mr. Hayes to file a new lawsuit, the court should have allowed him to file an amended complaint in the same action once the officers had been identified. *See Hayes v.*

*Marriott*, No. 99-1051, 1999 WL 791146 (10th Cir. Oct. 5, 1999).

Following the entry of this order and judgment in the district court record is a copy of a document titled General Release of All Claims, which appears to be a copy of a form release executed by Mr. Hayes before a notary. In the document Mr. Hayes agrees to release all claims against defendant Team members in the underlying lawsuit "**FOR AND IN CONSIDERATION** of the sum of Dollars and no/100 (1000.00)." Rec., vol. II at 138. However, neither party filed a motion informing the court that the suit had been settled and formally requesting dismissal. Nevertheless, the district court entered an order stating that it appeared the issues had been resolved, treating the release as a motion to dismiss and dismissing the complaint and cause of action with prejudice. *Id.* at 139.

Mr. Hayes again appeals, contending that the release he filed was only an offer to settle the claims for $1000, that he had not filed a motion to dismiss, and that the court erred in summarily dismissing his action. Defendants filed no response either in district court or on appeal.

While the district court may not have been unreasonable in assuming that the general release indicated the suit had been settled, it appears this assumption was in error in view of defendants' failure to dispute Mr. Hayes' assertion that the "General Release" was intended by him only as an offer to settle. Under these

circumstances, we are persuaded Mr. Hayes' action should be reinstated.

Accordingly, the case is **REVERSED** and **REMANDED** for further proceedings.[1]

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[1] The order assessing fees is vacated. In view of the circumstances, the payment of appellate fees is waived.