**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARCUS E. STEDMAN,

      Plaintiff-Appellant,

v.

DEAN DUNN, Head Jailer, Clay
Center, KS; CLAY COUNTY
SHERIFF'S DEPARTMENT; GARY
CALDWELL, Sheriff of Clay County,
KS; PAULA URBAN, Jailer at Clay
Center, KS; KATHY DALINGA,
Dispatcher at Clay Center, KS;
BOARD OF COUNTY
COMMISSIONERS OF CLAY
COUNTY, KANSAS,

      Defendants-Appellees.

No. 03-3261
(D.C. No. 01-CV-3464-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Marcus E. Stedman appeals from a district court order granting summary judgment for defendants in this prison civil rights action. On de novo review, *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000), we affirm for substantially the reasons stated by the district court.

When plaintiff was screened for admission to the Clay County, Kansas jail in July 2001, he related no current medical problems, though he had evidently been diagnosed with a hiatal hernia and high blood pressure (at least in periods when he smoked) in the past. By August, he began to experience chest pain that he thought might indicate a heart problem. He complained about it to a deputy, who contacted an emergency medical technician (EMT) who worked at the jail. Plaintiff's blood pressure, pulse, and heartbeat were checked and found normal. Plaintiff was given Tums with the thought that he might have heartburn. The jail administrator attributed the chest pain to muscle soreness from weight lifting, which plaintiff denied. Plaintiff asked informally to see a doctor, but he did not submit the requisite medical request form before being transferred to another facility in September. At the new facility, plaintiff was seen by a doctor who diagnosed a probable hiatal hernia and/or gastroesophageal reflux disease and prescribed heartburn medication that fully relieved plaintiff's discomfort.

Plaintiff brought this action claiming that Clay County jail personnel were deliberately indifferent to his medical condition, in violation of his Eighth and Fourteenth Amendment rights. Upon receipt of the complaint, the district court ordered defendants to prepare an investigative report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10 th Cir. 1978). Based on the report and plaintiff's deposition testimony, defendants moved for summary judgment. The district court granted the motion, holding that (1) the medical need plaintiff presented to defendants, involving an informal complaint of chest pain, was not sufficiently serious to implicate constitutional strictures and (2) in any event, defendants' response–which included examination of vital signs by an EMT and the provision of simple antacids–was not so deficient as to constitute deliberate indifference.

On appeal, plaintiff challenges the district court's ruling on both procedural and substantive grounds. Neither has merit. As for the former, plaintiff contends that the grant of summary judgment denied him due process, because it precluded a trial on his claims. This argument is legally frivolous. Provided, as we affirm below, that summary judgment was substantively warranted, there is nothing here to implicate the Due Process Clause. *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 676 (7 th Cir. 2002) (rejecting same argument, noting that "[t]he Supreme Court has made it abundantly clear that summary judgment has a proper role to play in civil cases, and there is nothing we can or should add to the point").

Substantively, plaintiff's appellate brief does not take issue with the district court's conclusions as they relate to his hernia and reflux conditions, [1] but focuses instead on his high blood pressure. If anything, this is an even weaker line of attack. Not only is there no evidence of any harm or discomfort to plaintiff on account of this condition, it is uncontroverted that his blood pressure was in fact immediately checked and found normal in response to his first complaints at the Clay County jail.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1] We do not gainsay the potential seriousness of such conditions. But we do not think the district court did either. Because plaintiff's claim is based on delay in treatment, he had to present evidence showing that the relatively short period during which he had to rely on over-the-counter antacids rather than prescription heartburn medication caused him substantial harm. *Sealock*, 218 F.3d at 1210; *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (following *Sealock*). There is no suggestion that he suffered any lasting physical injury, so his claim rests solely on the discomfort associated with a temporary case of heartburn. We agree with the district court that the facts here simply do not rise to the actionable level of substantial harm found, for example, on the basis of the plaintiff's heart attack in *Sealock* or the plaintiff's decaying reattached finger in *Oxendine*.