**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHNATHAN WILLIAM BAFFORD,

    Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections, in his individual and
official capacity; MICHAEL
NELSON, Warden, in his individual
and official capacity; K. VAIL, SST.,
El Dorado Correctional Facility,

    Defendants-Appellees.

No. 04-3136
(District of Kansas)
(D.C. No. 02-CV-3253-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Accordingly, appellant's motion requesting oral argument is **denied** and the case is ordered submitted without oral argument.

Proceeding *pro se*, Johnathan William Bafford appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Bafford complains that Defendants have violated his Eight Amendment right to be free from cruel and excessive punishment. He alleges that a prison guard assaulted him during an incident in the prison. Bafford sought only monetary damages.

The district court ordered the preparation of a *Martinez* report and Defendants filed a motion for summary judgment. *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). The district court granted the motion, concluding that: (1) the claims asserted against the Defendants in their official capacities were barred by the Eleventh Amendment: (2) the claims asserted against defendants Simmons and Nelson in their individual capacities failed because Bafford had not asserted that either defendant personally participated in the alleged use of force; and (3) defendant Vail was entitled to qualified immunity.

We have reviewed the record, the appellate briefs, and the applicable law and conclude that the district court's resolution of Bafford's claims was proper. The uncontroverted evidence in the record demonstrates that Bafford instigated a disturbance in the prison and that defendant Vail acted in response. Despite

Bafford's argument that a factual dispute exists over whether his injuries were caused by defendant Vail or were, instead, self-inflicted, this factual dispute is not material. Even assuming that Bafford's injuries were caused by defendant Vail, Bafford has failed to show that the force used by Vail was applied "maliciously and sadistically" to cause harm rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian* 503 U.S. 1, 6 (1992) (quotation omitted).

Bafford's motion requesting permission to file a supplemental brief is **granted**. The district court's order granting summary judgment to Defendants is **affirmed** for substantially the reasons stated by the district court. Bafford is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge