F I L E D
**United States Court of Appeals
Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH W. BREWER,

        Plaintiff-Appellant,

v.

MIKE MULLIN, Warden, OSP;
ROBERT BERRY, Unit Manager;
LIEUTENANT WHALA, CORPORAL
HANCE, and SERGEANT MORGAN,
Correctional Officers,

        Defendants-Appellees.

No. 04-7112

(D.C. No. 03-CV-528-WH)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, McKAY,** and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner civil rights appeal. Mr. Brewer filed a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

complaint under 42 U.S.C. § 1983 and sought declaratory relief, compensatory damages, and punitive damages for constitutional violations which allegedly occurred during his incarceration at the Oklahoma State Reformatory in Granite, Oklahoma. The alleged violations stemmed from a violent attack by one group of inmates on another group of which Mr. Brewer was a member.

Defendants filed a motion for summary judgment alleging, *inter alia*, that Mr. Brewer failed to exhaust his administrative remedies. The district court ordered a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). After considering the parties' briefs, aided by the *Martinez* report, the district court granted Defendants' motion and dismissed the case without prejudice because Mr. Brewer failed to exhaust his administrative remedies. Mr. Brewer now appeals to this court.

After a thorough review of the briefs, the relevant law, and the record, we agree with the district court that Mr. Brewer has failed to exhaust the available formal grievance procedure (the Inmate/Offender Grievance Process) on his claim. Therefore, for substantially the same reasons as set forth in the district court's well-reasoned September 21, 2004, Order, we hold that no relief is available to Mr. Brewer pursuant to § 1983.

The decision of the trial court is affirmed. We remind Mr. Brewer that because his motion to proceed without prepayment of the appellate filing fee was

granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

     **AFFIRMED**.

                                        Entered for the Court


                                        Monroe G. McKay
                                        Circuit Judge