# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2024

Lyle W. Cayce
Clerk

No. 22-40729

---

ALLEN FITZGERALD CALTON,

*Plaintiff—Appellant*,

*versus*

PINKIE PATEL, *Individually and in her Official Capacity as Health Administrator, Stiles Unit*; DALE WAINWRIGHT, *Individually and in his Official Capacity as Chairman, Texas Board of Criminal Justice*; FNU ECKERSLEY, *Individually and in his/her Official Capacity as Contract Dentist with UTMB/TDCJ*; FNU TUCKER, *Individually and in his/her Official Capacity as Contract Dentist with UTMB/TDCJ*; OWEN MURRAY, *Individually and in his Official Capacity as UTMB Medical Director*; LINNETTE LINTHICUM, *Individually and in her Official Capacity as TDCJ Health Services Administrator*; JOHN DOE, I, *Individually and in his/her Capacity as Correctional Managed Health Case Committee Chair*; JOHN DOE, II, *Individually and in his/her Official Capacity as TTU Health Care Systems Medical Director*; ROBERT WILLIAMS, *Individually and in his Official Capacity as Health Services Administrator*; MANUAL HIRSCH, *D.D.S., Individually and in his Official Capacity as TDCJ Director of Dental Services*; CHERYL ANDREU, *Individually and in her Official Capacity as Dental Assistant*; WANDA DAIGLE, *Individually and in her Official Capacity as Dental Assistant*; CARLA DEROVEN, *Individually and in her Official Capacity as Dental Hygienist*; TEXAS BOARD OF CRIMINAL JUSTICE, *Sued in Their Official Capacity as Policy Maker for TDCJ*; DR. WONG,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-239

---

Before Elrod and Graves, *Circuit Judges*, and Ashe, *District Judge*.[*]
Per Curiam:[†]

Proceeding *pro se*, Allen Fitzgerald Calton, Texas prisoner # 1123880, filed a complaint under 42 U.S.C. § 1983 against numerous prison officials and prison dental providers. His claims had to do with his efforts to receive treatment for his severe periodontal issues and the prison system's policies on such treatment. Because Calton sought to proceed *in forma pauperis*, the district court ordered prison officials to provide a supplemental record, known as a *Martinez* report, to flesh out the facts in the complaint. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). The district court converted the *Martinez* report into a motion for summary judgment and granted judgment as a matter of law against Calton as to all the defendants. Calton timely appealed.

On appeal, Calton only challenges the dismissal of his claim of deliberate indifference against a single dentist, Dr. Jess Tucker. Calton has abandoned, by failure to brief, any challenge to the district court's dismissal of his claims against all other defendants to his lawsuit. *See* Fed. R. App. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We therefore affirm the dismissal of Calton's claims against all defendants other than Dr. Tucker. Moreover, we decline to discuss Dr. Tucker's argument, which was not presented to or discussed by the district court, that he is entitled to

---

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2

qualified immunity from Calton's deliberate-indifference claim. *See Baker v. Coburn*, 68 F.4th 240, 251 (5th Cir. 2023), *as revised* (May 19, 2023).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). If a prison official "has subjective knowledge" that a prisoner is at substantial risk of objectively and sufficiently serious harm, that "official shows a deliberate indifference to that risk by failing to take reasonable measures to abate it." *Sanchez v. Oliver*, 995 F.3d 461, 473 (5th Cir. 2021) (internal quotation marks and citation omitted); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

At the threshold, Calton argues that the district court applied an improper legal standard to his claim of deliberate indifference by requiring him to show that Dr. Tucker acted with an improper motive. We disagree. Although the district court considered whether the record indicated that Dr. Tucker acted with an improper motive, it did so only in considering whether Dr. Tucker displayed the type of "egregious intentional conduct" that would amount to deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). The district court applied the correct standard.

Moving on to the merits of Calton's claim, the following facts are undisputed. Dr. Tucker was aware that Calton had severe periodontal disease, that scaling and root-planing of both his upper- *and* lower-arch teeth had been ordered, and that, during the three-month period between the scheduling of the procedure and the date of Calton's appointment for the procedure on April 9, 2018, five of Calton's upper teeth had become non-recoverable such that scaling and root-planing of the upper-arch teeth were no longer indicated. Calton refused to have Dr. Tucker extract those teeth on that date. Dr. Tucker also did not perform the scaling and root-planing of

No. 22-40729

Calton's *lower-arch* teeth, and he removed the scaling and root-planing from Calton's treatment plan. Dr. Tucker noted that Calton should return to the dental clinic as needed for sick-call requests.

Reviewing the district court's judgment *de novo*, we conclude that the district court erred in determining at this stage of the proceedings that, as a matter of law, Dr. Tucker was entitled to summary judgment on Calton's claim of deliberate indifference. *See* Fed. R. Civ. P. 56(a); *Sanchez*, 995 F.3d at 466; *Rogers*, 709 F.3d at 407. Reviewing the summary judgment evidence in the light most favorable to Calton, the non-moving party, Dr. Tucker's decision not to perform the planned scaling and root-planing on Calton's lower-arch teeth could amount to deliberate indifference to Calton's serious medical needs. As the district court noted, Calton's medical records "could be construed as supporting" the contention that this procedure was cancelled simply because Calton refused to have his upper-arch teeth extracted. We therefore reverse the dismissal of Calton's claim against Dr. Tucker and remand for further proceedings. In doing so, we express no view on the parties' respective chances of ultimate success in this case.

Accordingly, the district court's judgment is AFFIRMED IN PART and REVERSED AND REMANDED IN PART.