**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIE T. HAYES,

      Plaintiff-Appellant,

v.

MAJOR MARRIOTT; MAJOR
SOARES; RICHARD MARR,
Assistant Superintendent and the
members of the Special Operations
Response Team of January 24, 1991;
WILLIAM E. PRICE, Superintendent;
MICHAEL LURANT; SEARGENT
GLADYS SHOCKLEY; OFFICER
TED ADAMIC, PERRY ROEKER;
and GERALD GASKO, and the
members of the Special Operations
Response Team of January 24, 1991,

      Defendants-Appellees.

No. 99-1051
(D.C. No. 91-Z-1344)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK**, **BARRETT**, and **McKAY**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Willie T. Hayes, a state prisoner appearing pro se, appeals the district court's dismissal of his civil rights case with prejudice as to some of the defendants and without prejudice as to others. [1]

Plaintiff was incarcerated at the Arkansas Valley Correctional Facility (AVCF) in Colorado at the time the events giving rise to this action arose.  From January 21 through January 24, 1991, AVCF was in the midst of a "shake down" and its inmates were subjected to cell and strip searches.  The searches were conducted by a special team from the Colorado Department of Corrections, the Special Operations Response Team (SORT), which videotaped them.  According to Mr. Hayes's recollection, he was searched on January 24, 1991.  Although some of the inmates were searched in their cells, Mr. Hayes and other inmates were searched in the prisoner day room, an open area visible to other inmates and

---

[1]     By order dated February 11, 1999, the district court denied Mr. Hayes's motion for leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, determining that his appeal was "not taken in good faith because [he] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  R., Vol. II, Doc. 129.  We hereby grant Mr. Hayes's motion to proceed pursuant to the installment payment provisions of 28 U.S.C. § 1915(b).

people passing by.  Mr. Hayes was most aggrieved by the fact that women in the area were able to observe the search.  As also relevant here, it appears that, for a limited period of time, the entry way to the bathroom in Mr. Hayes's living unit was not covered with a shower curtain.

Mr. Hayes initiated this action pro se, invoking the Fourth, Eighth, and Fourteenth Amendments and seeking declaratory and injunctive relief as well as money damages pursuant to 42 U.S.C. § 1983.  Mr. Hayes's complaint lists as defendants various named prison officials and the unnamed members of the January 24, 1991 SORT team.  The district court granted defendants' motion for summary judgment based on defendants' Martinez report.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  We saw Mr. Hayes's case initially when he appealed that grant.  See Hayes v. Marriott, 70 F.3d 1144 (10th Cir. 1995).  As relevant here, this court reversed the district court, in part, holding the record did not support the grant of summary judgment on Mr. Hayes's Fourth Amendment claims and remanded the case for further proceedings.  Specifically, this court found Mr. Hayes's Fourth Amendment claims were not refuted for purposes of summary judgment by defendants' Martinez report. The Martinez report contained unsworn statements which failed to name the specific female staff members who were allowed to view the search or explain why those female staff members were present and whether their presence was related to prison functions.

See id. at 1147-48. In addition, this court held that the district court's legal conclusion, that "a 'single or minimal viewing' of a prisoner by prison officials of the opposite sex is insufficient as a matter of law to constitute a Fourth Amendment violation," was not supported by Tenth Circuit precedent. Id. at 1147.

On remand, the district court referred the matter to a magistrate judge for an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B). Only two issues remained for resolution: (1) whether Mr. Hayes's constitutional right to privacy was violated by the manner in which the January 24, 1991 strip search was conducted; and (2) whether the lack of shower curtains in the entry to the inmate bathroom/shower facility violated the Fourth Amendment. After the hearing, the magistrate judge issued a recommendation finding that the strip search "violated Plaintiff's constitutional right of bodily privacy under the Fourth Amendment" and that:

> To the extent that Plaintiff has requested declaratory relief, and his complaint may be broadly construed to that effect, judgment should be entered on his behalf as to the conduct of the unknown SORT supervisor or team members who required a strip search in the day room in front of women who were not essential employees for the strip search and in front of other inmates.

R., Vol. II, Doc. 116 at 14.

The magistrate judge went on to find the defendants actually named by Mr. Hayes in his complaint did not personally participate in the search, so

-4-

damages could not be levied against them under § 1983. [2] Thus, because Mr. Hayes failed to identify by name the appropriate individuals, the magistrate judge concluded that Mr. Hayes could not recover any monetary damages but that he should be accorded declaratory judgment as to the manner in which the strip search was conducted. The magistrate judge specifically found that an unknown member of the SORT team was in charge of Mr. Hayes's strip search and that the evidence established that Mr. Hayes and other inmates were humiliated and degraded by the unknown SORT team members. As to the shower curtain privacy issue, the magistrate judge found there was: (1) no constitutional deprivation; and (2) the named defendants did not personally participate in the removal of the shower curtain.

The district court adopted the magistrate judge's recommendation but it was troubled by the issue of possible unresolved monetary damages as against the unknown SORT team members. The district court noted that Mr. Hayes served defendants with interrogatories requesting that the SORT team members be

---

[2] The magistrate judge found that the videotaping in itself did not invade Mr. Hayes's privacy rights. In Hayes, this court noted that, since the Martinez report contained only an unsworn statement that the videotape of the search was not available for unlimited and unrestricted viewing, the issue needed further development in the record. See Hayes, 70 F.3d at 1148-49 n.5 (providing that legitimate security and other interests support videotaping of prison searches). Based on the testimony discussed by the magistrate judge, there is no evidence to support a constitutional violation.

identified and filed motions to compel and for sanctions when defendants failed to produce the information. The district court then noted the magistrate judge's order of November 26, 1996, compelling defendants to respond to Mr. Hayes's discovery requests. Accordingly, in its order entering judgment and dismissing the action, the district court also ordered defendants' counsel to "furnish plaintiff with the identity of the SORT team members within 90 days of [the] Order" and then granted Mr. Hayes "leave to file a new action for monetary relief against those defendants." R., Vol. II, Doc. 124 at 4.

Mr. Hayes raises a number of issues on appeal. He contends that: (1) he was denied his rights to a jury trial, discovery, discovery sanctions, pretrial conference, and default judgment; (2) the magistrate and district judge were biased; (3) the named defendants are liable for constitutional violations under a "failure to train" theory; and (4) his constitutional rights were violated by defendants' removal of the shower curtain and the videotaping of the search. We have reviewed the record, the magistrate judge's recommendation, the district court's order, the parties' briefs, and the relevant legal principles and case law. We find Mr. Hayes's arguments on appeal without merit, with one exception that requires a very limited remand; Mr. Hayes's opening brief to this court implies that he never learned the identities of the January 1991 SORT team members. Mr. Hayes states that he "was denied discovery and also denied having sanctions

against the Defendants" and "[a]s a result of the Defendants disobeying several court Orders Plaintiff is being asked to file another action for damages." Appellant's Opening Br. at 4-5. In contrast, the defendants contend, in their document entitled "Defendants' Response to Court Order of December 23, 1999 [sic]," filed on March 23, 1999, that they provided this information to Mr. Hayes on February 14, 1997. See R., Vol. II, Doc. 132. If Mr. Hayes never received the names of the January 1991 SORT team members, he was effectively denied the opportunity to amend his complaint to name those individuals, and the evidentiary hearing may have been premature as it was held without key parties and key witnesses.

The record reflects many attempts by Mr. Hayes to secure discovery in his case. In his first set of interrogatories, dated June 7, 1996, Mr. Hayes requested the names of all the members of the SORT team that conducted the inmate searches at AVCF during January 1991. See R., Vol. I, Doc. 76, Attach. 2 at 6. Thereafter, Mr. Hayes filed three motions to compel, seeking sanctions for defendants' failure to respond to his interrogatories and document requests. These motions all precede February 14, 1997 (the last one was filed on February 12, 1997). See R., Vol. I, Doc. 101. As noted by the district court, the magistrate judge issued an order on November 26, 1996, compelling defendants to provide

Mr. Hayes with the requested discovery by December 20, 1996.        See R., Vol. I,

Doc. 94.

Nothing in the record established that defendants ever responded to the

magistrate judge's order.  However, as stated above, defendants filed a response

to the district court's order of dismissal and judgment to which they attached a

copy of their discovery response, including a list of the January 1991 SORT

team members as well as most of their addresses.        See R., Vol. II, Doc. 132.

Defendants' discovery response, dated February 14, 1997, contains a certificate

of service indicating that it was mailed to Mr. Hayes at the Fremont Correctional

Facility on that same date.

This record is troubling.  It may be the case that Mr. Hayes never received

this information.  In the event he did not have the information he needed to amend

his complaint, the district court's solution may not adequately address the

situation.  Making Mr. Hayes file a new action may unduly burden him.  The

preferable course of action is to allow Mr. Hayes to amend his complaint to name

the individual SORT team members who participated and/or supervised the

search.  This saves Mr. Hayes from having to file a new complaint and pay

corresponding filing fees.  However, if he did receive defendants' discovery

response, Mr. Hayes had plenty of time to act on the information.  We therefore

remand the case to the district court for the limited purpose of ascertaining

whether Mr. Hayes received defendants' discovery response. If he did not, the district court should allow Mr. Hayes to amend his complaint to name the individual SORT team members and proceed accordingly.

The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED to the district court for proceedings consistent with this order and judgment. We hereby grant Mr. Hayes's motion to proceed on this appeal pursuant to the payment provisions of 28 U.S.C. § 1915(b). In addition, we accept Mr. Hayes's opening brief, filed on March 25, 1999, which we construe and grant as a motion for leave to file an amended brief, in replacement of his earlier brief, filed on March 22, 1999. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge