**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN L. MOSLEY,

     Plaintiff-Appellant,

v.

TWYLA SNIDER; MIKE
HOUGHTON; CHRIS SUTHERAN,
RN; VICKIE GILBERT; JUDY
CHOATE; THOMAS BRENNAN;
BRIAN BELL; JAMES L. SAFFLE,
Director of the Department of
Corrections,

     Defendants-Appellees.

No. 00-6310

(D.C. No. CIV-99-60-L)
(W.D.Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE,** and **MURPHY,** Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Plaintiff Marvin L. Mosley, a state prisoner appearing pro se, appeals the district court's entry of summary judgment in favor of the defendants on his 42 U.S.C. § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mosley is incarcerated at the Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. He filed a complaint in federal district court against the Warden of CCF, the Director of the Oklahoma Department of Corrections, and several CCF medical staff. The complaint alleged that the defendants denied him adequate medical treatment, access to the courts, and equal protection. The magistrate judge ordered the defendants to file a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). After reviewing the report, the magistrate judge recommended entry of summary judgment in the defendants' favor. Over Mosley's objection, the district court adopted the recommendation and granted the defendants' motions for summary judgment.

Mosley timely appeals, contending the district court erred in granting summary judgment on each of his three claims. He also alleges the defendants retaliated against him for filing this litigation by unconstitutionally censoring his mail and denying medical treatment.

We review a summary judgment order de novo, considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the

2

nonmoving party.  Cooperman v. David, 214 F.3d 1162, 1164 (10th Cir. 2000).

Summary judgment is proper only when there are no genuinely disputed material

issues of fact and the moving party is entitled to judgment as a matter of law.  Id.

The district court did not err in granting summary judgment on Mosley's

inadequate medical treatment claim, which was based on the defendants' refusal

to refill a particular prescription medication.  Prison officials violate the Eighth

Amendment if they are deliberately indifferent to the serious medical needs of

persons in their custody.  Perkins v. Kansas Dep't of Corrections, 165 F.3d 803,

811 (10th Cir. 1999) (citing Estelle v. Gamble, 329 U.S. 97, 104-06 (1976)).  The

uncontroverted evidence in this case reflects that the prescription Mosley sought

to have refilled was discontinued because a CCF physician determined it was no

longer needed, that a different medication was prescribed but Mosley refused to

accept it, and that Mosley then missed his next three appointments with the CCF

medical staff.  Because Mosley merely disagrees with his prescribed course of

treatment, he has not stated an Eighth Amendment claim.  Ledoux v. Davies, 961

F.2d 1536, 1537 (10th Cir. 1992).

Nor did the district court err in granting summary judgment on Mosley's

access to courts claim, which was based on the defendants' alleged failure to help

him prepare a section 1983 complaint.  The Due Process Clause of the Fourteenth

Amendment guarantees state inmates the right to access the courts, not a right to

3

receive legal assistance. <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1403 (10th Cir. 1996). Because Mosley has not alleged that the purported denial of his request for legal assistance actually "hindered his efforts to pursue a legal claim," <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996), his due process claim is without merit.

Finally, the district court properly granted summary judgment on Mosley's equal protection claim, which was based on his allegation that he received inferior medical treatment due to his race and status as an inmate. The Equal Protection Clause of the Fourteenth Amendment provides that no State may deny any person within its jurisdiction the equal protection of the laws. Mosley has offered no evidence to show that any of the defendants intentionally discriminated against him because of his race or status as an inmate. His conclusory allegations that the defendants violated the Equal Protection Clause are insufficient to survive summary judgment.

We decline to address Mosley's retaliation claim because he did not allege that cause of action in his complaint. <u>FDIC v. Noel</u>, 177 F.3d 911, 915 (10th Cir. 1999). Indeed, as the district court noted in its summary judgment order, Mosley argued retaliation in his objections to the magistrate judge's recommendation but never sought leave to amend his complaint to add that claim.

The judgment of the district court is AFFIRMED. Mosley is reminded that he remains obligated to continue making partial payments of the appellate filing

4

fee pursuant to 28 U.S.C. § 1915(b).  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge