**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SPENCER THOMAS CATO,

     Plaintiff - Appellant,

v.

SKYLER HARGROVE; J.T.
SNODDY; HEATH BROWNELL,

     Defendants - Appellees.

No. 20-5061
(D.C. No. 4:19-CV-00087-GKF-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining the appellate briefs and the appellate record, this court has

concluded unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Spencer Thomas Cato appeals the dismissal of the civil rights action he brought pursuant to 42 U.S.C. § 1983. In his complaint, Cato sought compensatory and punitive damages for injuries he claims to have suffered during a 2017 arrest by officers from the Tulsa Police Department. The arrest led to Cato's Oklahoma convictions for drug and firearm offenses, resisting an officer, driving under suspension, and failure to carry insurance/security verification forms.

On May 31, 2019, the district court ordered the preparation of a *Martinez* report.[1] Shortly after submitting the *Martinez* report, Defendants moved to dismiss Cato's § 1983 suit. In a comprehensive Opinion and Order, the district court detailed a myriad of defects with Cato's complaint. As to Cato's First Amendment claims, the district court concluded the facts alleged in Cato's amended complaint failed to state a plausible claim that Defendants used excessive force because Cato engaged in speech protected by the First Amendment. Likewise, the complaint also contained insufficient facts to support a plausible claim that Defendants placed a substantial burden on, or interfered with, Cato's right to exercise his religion. As to Cato's Eighth Amendment claims, the district court concluded any excessive force claims Cato has against Defendants arise under the Fourth Amendment, not the Eighth Amendment. *See*

---

[1]*Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978).

*Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (stating that excessive force claims related "to the events leading up to and including an arrest of a citizen previously at liberty" are governed by the Fourth Amendment).

The district court next addressed Cato's Fourteenth Amendment claims. The court concluded any due process claim must be brought under the Fourth Amendment because the alleged use of excessive force occurred during Cato's arrest. *See id*. at 1325-26. The court further concluded Cato's complaint failed to state a plausible equal protection claim because it contained no facts from which a reasonable jury could conclude Defendant Brownell treated him differently than similarly situated arrestees.[2] Finally, after concluding all of Cato's Fourth Amendment false-arrest and excessive-force claims implicitly challenge the validity of his state convictions for traffic offenses and resisting an officer, the district court dismissed those claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[2]Cato alleged Defendant Brownell failed to intervene in the other defendants' use of excessive force.

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

After Defendants' motion to dismiss was granted, Cato filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court denied relief under Rule 59(e), concluding Cato's "motion only mentions the underlying judgment in passing and does not allege any errors or mistakes" in the judgment. In an abundance of caution, the district court also analyzed Cato's motion under Rule 60(b)(1), interpreting the motion as raising an assertion that Cato's failure to timely respond to Defendants' motion to dismiss was excusable neglect. The court concluded Cato was not entitled to relief under Rule 60(b)(1) because he failed to establish excusable neglect and failed to demonstrate extraordinary circumstances for relief. The court's determination rested, in part, on (1) the fact all three prison transfers that allegedly impeded Cato's ability to file a response occurred after the time expired for him to file a timely response and (2) Cato never sought permission to file an out-of-time response to Defendants' motion to dismiss.

In his appellate brief, Cato asserts the district court erred by not analyzing his motion to alter or amend the judgment under Fed. R. Civ. P. 6(b), a rule referenced for the first time in Cato's reply brief. Under Rule 6(b)(1)(B), a district court may allow a party to file an out-of-time pleading if the party can

show excusable neglect. This court has reviewed Cato's motion to alter or amend the judgment and it fails to request permission to file an out-of-time pleading. Further, the district court concluded Cato could not show excusable neglect under Fed. R. Civ. P. 60(b) for his failure to file a response to Defendants' motion to dismiss,[3] thereby resolving any Rule 6(b)(1)(B) request against Cato.

Having reviewed the record and the arguments of the parties, we conclude the dismissal of Cato's § 1983 complaint without prejudice was proper and the district court did not abuse its discretion in denying Cato's motion to alter or amend the judgment. Accordingly, we **affirm** the district court's dismissal of Cato's complaint for substantially the reasons stated in the district court's order dated May 27, 2020. Cato's motion to proceed *in forma pauperis* on appeal is

---

[3]To the extent Cato argues the district court erred by striking the second amended complaint he filed on June 10, 2020, the record shows that Cato filed an amended complaint on August 23, 2019. *See* Fed. R. Civ. P. 15(a) (providing a party may amend a pleading one time without seeking leave of court if the amendment occurs before a responsive pleading is served). Cato summarily requested permission to file a second amended complaint in a pleading filed on June 3, 2020, and styled, Motion for Enlargement of Time. However, he never filed a formal motion requesting permission to file the second amended complaint. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) "([N]ormally a court need not grant leave to amend when a party fails to file a formal motion."). Further, the second amended complaint was received by the district court nearly two weeks after judgment was entered in favor of Defendants. *See id.* at 1186–87 ("If a party seeks to amend a pleading following the court's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend pursuant to the standards set out in Fed. R. Civ. P. 7.).

**granted**.  We construe his Request to Take Judicial Notice, filed with this court on December 9, 2020, as a motion to file an out-of-time reply brief.  Defendants mailed their brief to Cato on October 22, 2020.  Because Cato does not explain why he was unable to file a reply brief by the November 16 deadline, his motion is **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge