**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATHANAEL EUGENE OWENS,

    Plaintiff - Appellant,

v.

SIOBHAN BURTLOW, F.C.F. Warden;
JOSHUA LESSAR, LT head of mailroom;
STEVENS, Sgt. F.C.F. mailroom,

    Defendants - Appellees.

No. 24-1496
(D.C. No. 1:21-CV-02714-WJM-KAS)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.

_____

Nathanael Eugene Owens brought this pro se prisoner civil-rights complaint against personnel at the Fremont Correctional Facility (FCF) in Colorado. His amended complaint alleged that the defendants had rejected mail addressed to him at FCF. Owens claimed the rejection violated his First Amendment right to receive first-class mail and denied him access to the courts. The magistrate judge

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended liberally construing the amended complaint to state a Fourteenth

Amendment due-process claim against Sergeant Brian Stephens[1] for failure to notify

Owens that his mail had been rejected. The district court accepted the

recommendation, and the case proceeded on that basis. The district court dismissed

all other claims and defendants, then granted summary judgment to Stephens on the

Fourteenth Amendment claim. Owens timely appealed pro se from the district

court's judgment.[2] We have jurisdiction, *see* 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

The district court summarized the relevant facts as follows:

While Owens was incarcerated at [FCF], he decided to divorce his wife, Nichole Owens. Owens enlisted Samantha Owens, a member of his family, to help him prepare and file the required paperwork, which required Nichole Owens's signature. Owens completed his portion of the paperwork and mailed it to Samantha Owens. Samantha Owens tracked down Nichole Owens and served as witness for her signature on the paperwork. Samantha Owens then mailed Owens the paperwork via United States Post Office ("USPS") Priority First Class Mail with the intention that Owens could then sign and notarize the completed documents before filing them in the appropriate court. [The USPS provided a] tracking number for the documents . . . .

FCF inspects incoming and outgoing mail unless it is from an attorney, marked as confidential, and includes the attorney's bar number. These requirements are set out in Administrative Regulation ("AR") 300-38D. The mail containing the documents was marked "confidential" but did not otherwise comply with the requirements of AR 300-38D. FCF rejected Owens's mail, which was ultimately lost in USPS's system. Owens was not informed the mail would be rejected without a waiver of

---

[1] As the district court explained, Owens sued this defendant as "Stevens" but his actual name is "Brian Stephens." R., vol. 2 at 168 n.1.

[2] We liberally construe Owens's pro se filings, but we do not act as his advocate. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

confidentiality. After learning his mail was lost, he filed a grievance with FCF. After exhausting the grievance process, he filed this action.

R., vol. 1 at 111-12 (citations, brackets, and internal quotation marks omitted).

After the district court had dismissed all claims except the due-process claim against Stephens, Stephens moved for summary judgment. Stephens argued that Owens could not "show that Stephens was involved in the rejection of the mail or that he was aware that the mail had been rejected." R., vol. 2 at 14. He argued that his role as a sergeant assigned to the FCF mailroom, by itself, was insufficient to establish his personal participation in the rejection of the mail and in the alleged violation of Owens's right to due process.

While Stephens's summary-judgment motion was pending, after both the court-ordered discovery period and the dispositive-motion deadline had expired, Owens moved to file a supplemental pleading under Fed. R. Civ. P. 15(d). His motion sought to add as a defendant Officer Johnny Reyes, who worked in FCF's mailroom, and to assert a First Amendment claim against Reyes for retaliating against Owens for filing this suit. Owens claimed that he had uncovered evidence through the discovery process that supported his claims against Reyes. The district court denied the motion, finding that it did not comply with Rules 15(a), 15(d), or the court's local rules. Owens then filed a response to the motion for summary judgment, and Stephens filed a reply.

A magistrate judge recommended granting Stephens's motion for summary judgment. The magistrate judge noted that the evidence showed that Stephens had

3

not checked out a state vehicle to travel to the post office on January 27, 2021, the day when the mail was rejected at the Cañon City Post Office. She determined that "there [was] simply no evidence that [Stephens] actually received or personally rejected [Owens's] mail." R., vol. 2 at 153 (original brackets and internal quotation marks omitted). Stephens was therefore entitled to qualified immunity. The district court adopted the magistrate judge's recommendation and entered summary judgment in favor of Stephens.

## DISCUSSION

Owens does not develop an argument challenging the dismissal of his First Amendment, injunctive-relief, or access-to-the-courts claims. Any challenge to these dismissals is therefore waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Owens asserts in his opening brief that defendant Lessar, along with Stephens and Reyes, "worked in the [FCF] mailroom during the time in question and . . . willfully and knowingly did not give notice to [Owens] that his mail was refused." Aplt. Opening Br. at 2. He also mentions defendants Burtlow and Lessar in his reply brief, stating that they had "involvement in the facility mailroom during the relevant period," Reply Br. at 3, and had "access and authority to reject mail." *Id.* at 6. In her recommendation to dismiss Burtlow and Lessar, which the district court adopted, the magistrate judge explained in detail why Owens's amended complaint did not allege sufficient facts to show that either Burtlow or Lessar personally participated in the

4

Fourteenth Amendment violation.  Owens's conclusory assertions to the contrary fail to explain why this reasoning is wrong.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").  We therefore affirm the dismissals of these defendants.

That leaves only the grant of summary judgment to Stephens on the Fourteenth Amendment claim.  We review de novo the grant of summary judgment on qualified-immunity grounds, applying the same standard that governs the district court. *See Cruz v. City of Deming*, 138 F.4th 1257, 1265 (10th Cir. 2025).  A court grants summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  *Cruz*, 138 F.4th at 1265 (internal quotation marks omitted).  When a defendant asserts qualified immunity at the summary-judgment stage, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Id.* at 1266 (internal quotation marks omitted).

To analyze Owens's due-process claim, we ask whether he was deprived of a liberty interest, and if so, whether the state's procedures were constitutionally adequate. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Stephens does not dispute that Owens had a liberty interest in receiving mail, including the right to be

5

notified of the rejection of a letter addressed to him and a reasonable opportunity to protest that decision.

The district court concluded that Owens may have sufficiently shown a violation of his constitutional rights. But Owens could succeed on his claim only by showing that Stephens personally participated in the constitutional violation. *See, e.g.*, *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1232 (10th Cir. 2024) ("Individual liability under § 1983 must be based on the defendant's personal involvement in the alleged constitutional violation." (brackets and internal quotation marks omitted)).

The evidence showed that Stephens did not check out a car to drive to the Cañon City Post Office on January 27, 2021, to pick up the mail. Nor did Owens offer any other evidence that it was Stephens who refused the mail. The district court concluded from this that Owens failed to create a genuine issue of material fact about Stephens's participation in the alleged constitutional violation.

Owens does not show that the district court's analysis was wrong.[3] Instead, he offers two alternative theories.

First, he theorizes that Stephens could have participated in the rejection of his mail without traveling to the post office. Owens now states that inmate mail is not refused at the Cañon City Post Office but is instead brought back to the FCF

---

[3] Stephens contends that any argument about his participation is barred by this court's "firm waiver rule," because Owens did not specifically challenge the magistrate judge's findings that Owens failed to establish Stephens's personal participation. Given our conclusion that Owens's appellate arguments are deficient, we need not address the firm-waiver rule.

6

mailroom, then returned to the post office if it is refused.  So, he contends, Stephens could have been personally involved by rejecting the mail once it arrived in the FCF mailroom.

But this theory is new.  In his deposition testimony, Owens asserted that an FCF officer "refused to take the mail" when it was presented to him *at the post office* on January 27, 2021.  R., vol. 2 at 36.  Consistent with this testimony and other evidence, the district court necessarily took as given that the mail "was refused *at the Cañon City Post Office* on January 27, 2021."  *Id.* at 147 (emphasis added).

Owens's argument therefore fails for at least two reasons.  First, we do not entertain new theories on appeal, even if they fall within the same general category as an argument presented in the district court.  *See, e.g.*, *United States v. Mason*, 84 F.4th 1152, 1156 n.3 (10th Cir. 2023).  Second, Owens bases his new theory on a conversation he allegedly had with FCF officer Johnny Reyes on January 28, 2025.  But Owens fails to point to record evidence of this conversation. Indeed, that would have been impossible because final judgment entered in this case on November 18, 2024, before the alleged conversation with Reyes even took place.  We will not consider Owens's new assertions, based on facts outside the record, in conducting our summary-judgment review.[4]  *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641,

---

[4] Owens also argues, in his reply brief, that Stephens should be held liable under a theory of supervisory liability, because he "designed the system" for rejecting mail, and "ordered . . . and trained his subordinates to violate prisoners['] constitutional rights."  Reply Br. at 5.  We do not consider appellate arguments made for the first time in a reply brief.  *See, e.g.*, *United States v. Walker*, 85 F.4th 973,

7

648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision . . . .").

Owens's second, alternative theory implicates Reyes in the alleged constitutional violation. Owens claims that through discovery he determined that it was Reyes who went to the Cañon City Post Office on January 27, 2021. In his response to Stephens's motion for summary judgment, Owens alleged that Reyes was the one who refused to accept the mail, Reyes informed Stephens, and Stephens failed to correct Reyes's misconduct or notify Owens of the refusal. But Owens has never pointed to evidence to substantiate his assertions.

Apparently in connection with these theories, Owens contends that the district court improperly denied his motion seeking leave to supplement his complaint under Fed. R. Civ. P. 15(d) to add Reyes as a defendant and also to assert retaliation claims against him. We review the district court's denial for an abuse of discretion. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). To reverse for an abuse of discretion, "we must have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Burke v. Regalado*, 935 F.3d 960, 1044 (10th Cir. 2019) (internal quotation marks omitted).

The magistrate judge denied the motion without prejudice. She explained that if Owens wanted to amend his complaint, he needed to comply with Fed. R. Civ. P.

---

989 n.13 (10th Cir. 2023). In any event, Owens fails to point to record evidence that supports these assertions.

15(a) by filing a motion seeking leave to amend the complaint, and with Local Rule 15.1(b), which requires submission of the proposed amended complaint as a separate document. And if he wanted to supplement his complaint under Rule 15(d) (which is for the purpose of setting out "event[s] that happened after the date of the pleading to be supplemented"), he needed to explain how he could add an additional party under that rule.

Owens never attempted to comply with the instructions provided by the magistrate judge, nor has he challenged those instructions as being contrary to law. We therefore see no abuse of discretion and affirm the denial of Owens's Rule 15(d) motion.

Similarly, Owens asks us to order "discovery to continue," Aplt. Opening Br. at 4, arguing that he needs further discovery because he is "required to identify the specific individual who denied him his constitutional rights," *id.* at 7. Although Owens provides few specifics about his attempts to obtain discovery in district court, we note three discovery-based rulings that bear on this issue. We review these rulings for an abuse of discretion. *See Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (district court's refusal to allow additional discovery); *Punt v. Kelly Servs.*, 862 F.3d 1040, 1046 (10th Cir. 2017) (denial of motion to compel).

First, Owens moved to compel Stephens to provide documents recording the mailroom officers' movements, including motor-vehicle records, to show which officer traveled to the post office on the day his mail was rejected. The magistrate judge denied the motion, finding that Stephens had already produced state vehicle

logs, along with a schedule of officers assigned to the FCF mailroom on the date the mail was refused, and that Owens had not shown that Stephens had failed to provide any other documents in the government's possession that were relevant to Owens's request. We discern no abuse of discretion in this ruling.

Second, in his objection to the magistrate judge's recommendation to grant summary judgment, Owens asked the court to permit him to conduct discovery "to obtain the names and roles of the prison staff involved in the alleged incident" and to amend his complaint accordingly. R., vol. 2 at 158. He asserted that the prison staff had refused to disclose the identity of the persons involved.

A party who cannot present facts essential to his opposition to summary judgment may obtain relief by filing a declaration or affidavit specifying the reasons why the required facts are unavailable to it. *See* Fed. R. Civ. P. 56(d). The affidavit should "identify[] past steps to obtain evidence of these facts." *Cerveny*, 855 F.3d at 1110. Owens fails to show that he complied with the rule's requirements. And in any event, the district court rejected on the merits Owens's request for discovery to identify additional potential defendants. As we understand the district court's reasons for the rejection, Owens's previous efforts to add defendants had already been rejected, and Stephens, the only remaining defendant, had already produced the requested information regarding his activity on the day in question. The district court therefore did not abuse its discretion in denying Owens's request for additional discovery.

10

Third, Owens asked the district court to order FCF's warden to prepare a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 2018), concerning inmate grievances and litigation about mailroom and package issues, to show that the issues in his case were systemic and ongoing at FCF. The magistrate judge denied the motion, reasoning that (1) she had already conducted an initial screening of Owens's complaint; (2) a *Martinez* report should not be used as a discovery tool; and (3) Owens could seek the information he desired through the discovery process. In his summary-judgment response, Owens again asked the district court to order a *Martinez* report, this time to permit him to establish additional violations that were not part of the amended complaint. Although the district court did not expressly address the request, it declined to consider any of his arguments regarding new claims or new parties, because they were not properly before the court. To the extent that Owens's appellate arguments can be read to challenge the district court's refusal to order a *Martinez* report, he fails to show reversible error. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts order the *Martinez* report not to provide discovery, but to aid in screening the complaint.").

We conclude that neither the district court's refusal to allow Owens to amend or supplement his claim, nor its rejection of his discovery requests, precluded the district court from entering summary judgment in favor of Stephens on the due-process claim.

Finally, Owens argues that the district court erred in denying his motions to appoint counsel to assist him with his claims. Although he briefly mentions the

11

denials in his opening brief, he fails to develop an argument to explain how the district court abused its discretion by denying his motions for appointment of counsel. He has therefore waived this argument. *See Bronson*, 500 F.3d at 1104.

## CONCLUSION

We affirm the district court's judgment. We grant Owens's motion to proceed without prepayment of costs and fees. We remind Owens that he is required to continue making partial payments until the filing fee is paid in full.

Entered for the Court

Harris L Hartz
Circuit Judge